J-A16029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
         v.                   :
                              :
                              :
                              :
DAVID JAMES HOLLENBACK JR.    :
                              :
         Appellant            :  No. 275 MDA 2021

Appeal from the PCRA Order Entered January 25, 2021
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0002218-2008

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:            **FILED SEPTEMBER 08, 2021**

David James Hollenback, Jr. (Appellant), appeals *pro se* from the order entered in the Centre County Court of Common Pleas dismissing his "Petition for Allowance of Appeal," as a second, untimely petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  On appeal, Appellant insists he was denied substantive due process when trial counsel agreed to present his case on stipulated facts, which amounted to a guilty plea entered without Appellant's knowledge or consent.  We affirm.

This Court summarized the relevant facts underlying Appellant's conviction in the decision affirming the judgment of sentence on direct appeal:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Over Labor Day weekend of 2008, Jennifer Hollenback, Appellant's daughter, found child pornography on one of Appellant's computers. She went to police, who obtained a warrant, arrested Appellant, and seized his computers. Based on their contents, Appellant was charged with over 400 counts of possession of child pornography, but all of those charges were subsequently dismissed. After Appellant's arrest, Jennifer also discovered at his residence a videotape of Appellant sexually abusing his niece, L.K., when she was a child. A second warrant was issued and resulted in the seizure of the videotape and the filing of the charges for which Appellant was convicted.

*Commonwealth v. Hollenback*, 1636 MDA 2010 (unpub. memo. at 2) (Pa. Super. Oct. 14, 2011), *appeal denied*, 853 MAL 2011 (Pa. Sep. 17, 2012).[2]

Appellant was subsequently charged with two counts each of rape, involuntary deviate sexual intercourse (IDSI), aggravated indecent assault, indecent assault, incest, and endangering the welfare of a child (EWC), and eight counts of sexual abuse of children (videotaping sexual acts and possession of child pornography).[3] He filed a pretrial motion to suppress the

_____

[2] The decision also includes the stipulation of facts entered into by the parties at Appellant's nonjury trial, which details the sexual abuse of L.K. as documented on the video. *See Hollenback*, 1636 MDA 2010 (unpub. memo. at 2-5).

[3] *See* 18 Pa.C.S. §§ 3121(a)(6), 3123(a)(6), 3125(a)(7), 3126(a)(7), 4302, 4304(a)(1), 6312(b), (d).

Subsection (a)(6) of the both the rape and IDSI statutes were repealed in December 2002, and replaced with Section 3121(c) "Rape of a child," and Section 3123(b), "Involuntary deviate sexual intercourse with a child." *See* 2002, Dec. 9, P.L. 1350, No. 162, § 2, effective in 60 days. Because the sexual abuse in the present case occurred between May and November of 2002 (when Appellant was 43 to 44 years old and the victim was six years old), Appellant was properly convicted under the prior statutes. *See Hollenback*, 1636 MDA 2010 (unpub. memo at 3-5).

evidence seized pursuant to both search warrants, which the trial court denied after conducting two hearings. *See* Order, 7/21/09.

Appellant appeared for a nonjury trial on October 19, 2009. At that time, Assistant District Attorney Yvette L. Willson (ADA Willson) informed the trial court that she and Appellant's counsel, George Lepley, Jr., Esquire, had "come to an agreement" that the Commonwealth would present evidence *via* a prepared "stipulation of fact," which both attorneys had reviewed and signed. *See* N.T. Trial, 10/19/09, at 3. The Commonwealth also submitted into evidence a DVD, which included the recorded videos of the sexual abuse. *See id.* ADA Willson informed the court that, in exchange for Appellant's agreement to proceed by stipulated facts, "the Commonwealth has agreed [that] counts 13 through 20, which have to do with the child pornography videos," would receive concurrent sentences to Counts 1 through 12. *Id.* After reviewing the stipulation of facts, which was admitted into evidence, the trial court found Appellant guilty of all charges. *Id.* at 10. It merits emphasis that Appellant did not sign the stipulation of facts,[4] and neither the trial court nor Attorney Lepley questioned Appellant concerning his agreement to proceed by way of stipulated facts.

On March 26, 2010, Appellant was sentenced to an aggregate term of 40 to 80 years' imprisonment; the court imposed consecutive sentences on all counts except the convictions of Section 6312, consistent with the parties'

---

[4] *See* N.T., 10/19/09, Commonwealth Exhibit 2, Stipulation of Fact.

agreement. *See* N.T. Sentencing H'rg, 3/26/10, at 27-30. The trial court also determined that Appellant met the criteria for classification as a sexually violent predator under the then-applicable sexual offender registration statute. *Id.* at 9.

Appellant filed a timely post-sentence motion, seeking modification of his sentence. On September 7, 2010, the trial court granted in part, and denied in part, Appellant's motion. *See* Order, 9/7/10. Thereafter, on September 28th, the court vacated the sentences imposed on counts 8, 10, and 12 (one count each of indecent assault, incest, and EWC), reducing Appellant's aggregate sentence to 38 to 76 years' imprisonment. N.T. Resentencing H'rg, 9/28/10, at 3-4. Appellant filed a timely direct appeal, challenging the court's denial of his suppression motion, and the excessiveness of his sentence. This Court affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied Appellant's petition for *allocatur* review. *See Hollenback*, 1636 MDA 2010, *appeal denied*, 853 MAL 2011.

On February 17, 2015, Appellant filed a *pro se* PCRA petition. Ronald McGlaughlin, Esquire, was appointed to assist Appellant in litigating his first PCRA petition. On May 22, 2015, the Commonwealth filed an answer and motion to dismiss Appellant's PCRA petition, asserting it was untimely filed. Despite being represented by counsel, Appellant continued to file several *pro se* motions in the PCRA court. Notably, on July 2, 2015, Appellant filed a letter

sent to Attorney McGlaughlin from what appears to be a jailhouse lawyer.[5] The letter outlined "issues that permit jurisdiction beyond the PCRA Time-Bar," including Appellant's present claim that he unknowingly entered a guilty plea "under the guise of a stipulation." **See** Letter, 7/2/15, at 1-2 (unpaginated). Attorney McGlaughlin filed an answer to the Commonwealth's motion to dismiss on August 18, 2015. Following argument on August 24th, the PCRA court entered an order on September 18th, dismissing Appellant's petition as untimely filed. Appellant filed a timely appeal, a panel of this Court affirmed, and the Pennsylvania Supreme Court denied *allocatur* review. **See Commonwealth v. Hollenback**, 1816 MDA 2015 (unpub. memo) (Pa. Super. Aug. 19, 2016), *appeal denied*, 655 MAL 2016 (Pa. Mar. 7, 2017).

On October 23, 2020, Appellant filed the instant petition, which he entitled "Petition for Allowance of Appeal." **See** Appellant's Petition for Allowance of Appeal, 10/23/20. The PCRA court construed the filing to be a second PCRA petition, and, on December 14, 2020, issued notice of its intent to dismiss the petition as untimely filed pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on December 28, 2020, asserting, *inter alia*, "[j]urisdiction can be challenged at any[ ]time [and] is an exception to the [PCRA] time-bar requisites." Appellant's Objection to Rule 907 Notice,

---

[5] The author, "Dr. Thomas F. P. Brennan, LL.D., PJ.D.," resides at the State Correctional Institute at Albion. **See** Letter, 7/2/15, cover page. Attached to the letter is a notice to the clerk of courts, signed by Appellant, requesting a time stamp copy be returned to him. **See id.** at 9 (unpaginated).

12/28/20. On January 22, 2021, the PCRA court dismissed Appellant's petition as untimely. Appellant incorrectly filed a notice of appeal in this Court on February 17, 2021, which we transferred to the Centre County Court of Common Pleas. **See** Pa.R.A.P. 905(a)(4) ("If a notice of appeal is mistakenly filed in an appellate court, . . . the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and . . . the notice of appeal shall be deemed filed in the trial court on the date originally filed.").[6] Thereafter, on March 1, 2021, Appellant filed a petition for leave to amend his petition, which the PCRA court properly denied as it lacked jurisdiction because the matter "is currently on appeal before the Pennsylvania Superior Court." **See** Order, 3/17/21; Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken . . . the trial court . . . may no longer proceed further in the matter.").

Appellant lists 11 issues for our review in his brief. **See** Appellant's Brief at 4-5. However, he argues only one claim — that he was deprived of substantive due process when "counsel from both sides entered into a plea agreement (stipulation) which amounted to a guilty plea," without his knowledge or consent. **See id**. at 7.

Our standard of review of an order denying PCRA relief is well-established. "[W]e examine whether the PCRA court's determination 'is

---

[6] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

supported by the record and free of legal error.'" ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation omitted).

Here, the PCRA court found Appellant's petition was untimely filed, and he failed to plead or prove any of the statutory exceptions to the time-bar. PCRA Ct. Op., 4/30/21. The statutory requirement that a PCRA petition be filed within one year of the date the judgment of sentence becomes final is a "jurisdictional deadline" and a PCRA court may not ignore the untimeliness of a petition to address the merits of the issues raised therein. ***Commonwealth v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1028 (Pa. 2019). ***See also*** 42 Pa.C.S. § 9545(b)(1).

Here, Appellant's judgment of sentence was final on December 17, 2012 — 90 days after the Pennsylvania Supreme Court denied *allocatur* review of his direct appeal, and Appellant declined to petition the United States Supreme Court for a writ of *certiorari*.[7] ***See*** 42 Pa.C.S. § 9545(b)(3) (for purpose of PCRA timeliness provisions, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . or at the expiration of time for seeking the review"); U.S. Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, . . . is timely when it is filed with the Clerk of this Court within 90

---

[7] The ninetieth day, December 16, 2012, fell on a Sunday; thus, Appellant had until Monday, December 17th to file a petition for certiorari. ***See*** U.S. Sup. Ct. R. 30(1) (when computing time under the Rules, the last day is not calculated if it falls on a weekend or holiday).

days after entry of the judgment."). Thus, his current petition, filed nearly eight years later, is facially untimely. **See** 42 Pa.C.S. § 9545(b)(1).

Nevertheless, an untimely petition may be considered if the petitioner pleads and proves the applicability of one of the three timeliness exceptions set forth at Section 9545(b):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant does not address the timeliness requirements in either his PCRA petition or his brief on appeal. Rather, in his petition, Appellant simply states the "Supreme law of the land dictates jurisdiction of court is NOT a time-barrable issue[,]" and that neither jurisdictional defects nor illegal sentence claims can be waived. Appellant's Petition for Allowance of Appeal at IX-X (some capitalization omitted). The argument in his brief is even more sparse. He asserts "[t]he statute of limitations is irrelevant in this matter because [of] the Commonwealth's deliberate violation of the Judicial Process

and Due Process Rights of Law."[8]  Appellant's Brief at 8.

The Pennsylvania Supreme Court has made clear that "the time requirements under the . . . the PCRA are jurisdictional[, and] the court has no jurisdiction to address an untimely petition[,]" regardless of the claim raised therein.  ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).  The only exceptions to the timing requirements are those set forth at Section 9545(b):  governmental interference with the presentation of a claim, newly discovered facts which could not have been ascertained earlier by the exercise of due diligence, or a newly recognized constitutional right.  ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).  "[T]here is no 'miscarriage of justice' standard exception to the time requirements of the PCRA."  ***Commonwealth v. Burton***, 936 A.2d 521, 527 (Pa. Super. 2007).

Appellant's present claim — that he was deprived of due process when the court accepted a stipulation of facts purportedly without his knowledge or consent — does not satisfy any of the Section 9545 timing exceptions.  With regard to the governmental interference exception, we note that although Appellant claims the Commonwealth and trial counsel conspired to present a *de facto* guilty plea, he does not assert that the Commonwealth or trial court interfered with his ability to raise this claim previously.  ***See*** 42 Pa.C.S. § 9545(b)(1)(i).  Further, Appellant cannot meet the newly discovered facts

---

[8] Similarly, in his reply brief, Appellant argues, without any citation, "[c]hallenge to jurisdiction is an exception to any time bar."  Appellant's Reply Brief at 2.

exception because he was present for his nonjury trial, and, thus, aware counsel agreed to stipulated facts allegedly without his consent. Moreover, this claim was initially raised in the jailhouse lawyer letter sent to first PCRA counsel in July of 2015. *See* Letter, 7/2/15, at 1 ("Trial counsels [sic] stipulation to evidence, absent [Appellant's] authorization and the trial court's failure to conduct a proper and, thus, necessary colloquy, . . . deprived [Appellant] his constitutional right to effective assistance of counsel, a fair trial and, due process of law."). Accordingly, the "fact" that he was convicted based upon stipulated facts is not "newly discovered." *See* 42 Pa.C.S. § 9545(b)(1)(ii). Finally, this claim is not based on a newly recognized constitutional right. *See* 42 Pa.C.S. § 9545(b)(1)(iii).

Therefore, we agree with the PCRA court that Appellant failed to plead or prove the applicability of any of the PCRA timing exceptions. Accordingly, his petition was untimely filed, and he is entitled to no relief.[9]

_____

[9] Despite the fact that Appellant's claim is untimely, we note that the stipulation of facts presented to the trial court does **not** contain Appellant's signature, nor did counsel or the court question Appellant regarding his consent to proceed by way of stipulation during the nonjury trial. *See* N.T., 10/19/09, at 3-10; Stipulation of Fact at 4 (unpaginated). Although a case tried on stipulated facts does not require a full guilty plea colloquy, Appellant should have been informed, on the record, of his right to confront witnesses against him and given the opportunity to acknowledge his agreement to proceed by stipulated facts. *See Commonwealth v. Tate*, 410 A.2d 751, 754-55 (Pa. 1980) (guilty plea colloquy unnecessary for trial by way of stipulation; defendant explicitly waived right to confront witnesses and indicated willingness to proceed by stipulated facts); *Commonwealth v. Cook*, 547 A.2d 406, 409 (Pa. Super. 1988) (guilty plea colloquy unnecessary
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2021

---

when court explained to appeal that counsel intended to proceed on stipulated testimony and defendant indicated he understood).