J-S32044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERICK HAINES | : | |
| | : | |
| Appellant | : | No. 200 MDA 2023 |

Appeal from the PCRA Order Entered January 31, 2023
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000333-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERICK MICHAEL HAINES | : | |
| | : | |
| Appellant | : | No. 201 MDA 2023 |

Appeal from the PCRA Order Entered January 31, 2023
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000810-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED: DECEMBER 28, 2023**

Appellant Derick Michael Haines appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant's counsel

---

[1] 42 Pa.C.S. §§ 9541-9546.

(PCRA Counsel) has filed a petition to withdraw and a **Turner**/**Finley** brief.[2] For the reasons that follow, we affirm the PCRA court's order and grant PCRA Counsel's petition to withdraw.

On September 5, 2019, Appellant entered open guilty pleas to burglary[3] at Docket No. 333-2019 and conspiracy to furnish contraband to a prison inmate[4] (contraband conspiracy) at Docket No. 810-2019. On November 5, 2019, the trial court imposed one to two years' incarceration for burglary and a consecutive term of eighteen months to four years' incarceration for contraband conspiracy. Travis Petty, Esq. (trial counsel) represented Appellant at the plea hearing and at sentencing. Appellant did not file any post-sentence motions nor a direct appeal.

On February 19, 2020, Appellant filed his timely first *pro se* PCRA petition listing both trial court docket numbers. Therein, Appellant argued

_____

[2] We note that PCRA Counsel erroneously filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which provide the procedure for counsel to withdraw in a direct appeal. Because PCRA Counsel is seeking to withdraw in a PCRA-related appeal, he should have proceeded under the requirements set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). However, because an **Anders**/**Santiago** brief provides greater protections to Appellant, we may accept an **Anders**/**Santiago** brief in lieu of a **Turner**/**Finley** brief. **See id.** For purposes of our discussion, we refer to PCRA Counsel's brief as a **Turner**/**Finley** brief.

[3] 18 Pa.C.S. § 3502(a)(4).

[4] 18 Pa.C.S. §§ 903, 5123(a).

that trial counsel was ineffective for failing to file a pre-trial motion to suppress and a pre-trial motion to dismiss pursuant to Pa.R.Crim.P. 600. *See Pro se* PCRA Pet., 2/19/20, at 5-6 (unpaginated). Appellant further claimed that trial counsel provided inaccurate advice to him about his guilty plea, however, Appellant did not expressly claim that trial counsel's ineffectiveness caused him to enter an involuntary or unknowing plea. *See id.* at 3-4 (unpaginated).

The PCRA court appointed PCRA Counsel to represent Appellant, who subsequently filed two amended PCRA petitions. In his second amended PCRA petition, Appellant contended that trial counsel was ineffective in advising Appellant to plead guilty because trial counsel erroneously told Appellant that he was subject to a mandatory minimum sentence for the contraband conspiracy offense. *See* Second Am. PCRA Pet., 11/16/22, at 2 (unpaginated). Additionally, Appellant contends that trial counsel erred by advising Appellant that if he entered a guilty plea, Appellant would be eligible to participate in the boot camp and state intermediate punishment (SIP) programs as part of his sentence. *See id.* Lastly, Appellant claims that trial counsel was ineffective because he failed to file post-sentence motions and direct appeals after Appellant requested him to do so. *See id.* However, we note that Appellant did not include his *pro se* petition claim that trial counsel was ineffective for failing to file pre-trial motions in either his first or second amended petitions.

The PCRA court held an evidentiary hearing on January 5, 2023. Appellant and trial counsel both testified at the hearing. At the conclusion of

the hearing, the PCRA court placed its findings of fact and conclusions of law on the record and orally denied Appellant's PCRA petition. **See** N.T. PCRA Hr'g, 1/5/23, at 24-25. The PCRA court confirmed its denial of Appellant's PCRA petition in a written order entered on January 31, 2023.[5]

Appellant filed timely notices of appeal.[6,7] On March 6, 2023, PCRA Counsel filed a notice of intent to file a **Turner**/**Finley** brief on appeal pursuant to Pa.R.A.P. 1925(c)(4). The trial court subsequently issued a Rule 1925(a) opinion acknowledging that PCRA Counsel intended to withdraw pursuant to

---

[5] We note that although the PCRA court's order was time-stamped and entered on the docket on January 30, 2023, the docket entries reflect that the PCRA court served Appellant with a copy of this order on January 31, 2023. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); **see also** Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1). We have amended the caption accordingly.

[6] Although the PCRA court orally denied Appellant's PCRA petition at the conclusion of the January 5, 2023 evidentiary hearing, as noted above, its order was not entered on the docket until January 30, 2023, and filed on January 31, 2023. Therefore, Appellant's notice of appeal, filed on February 6, 2023, is timely filed. **See Commonwealth v. Goldman**, 70 A.3d 874, 878 n.2 (Pa. Super. 2013) (concluding that the appeal period began to run from the date on which the orders denying Commonwealth's motions to vacate *nolle prosequis* were entered the trial court docket, and not from the date the trial court orally denied the motions); **see also** Pa.R.A.P. 301(a)(1) (stating that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court"); **Jerman**, 762 A.2d at 368.

[7] This Court consolidated the appeals pursuant to Pa.R.A.P. 513 on March 1, 2023.

*Turner*/*Finley*, but did not address the claims Appellant raised in his first and second amended PCRA petitions.

On appeal, PCRA Counsel filed a petition to withdraw and a *Turner*/*Finley* brief stating that he thoroughly reviewed the case, believed that an appeal would be wholly frivolous, notified Appellant of his intent to withdraw, and provided Appellant with copy of his brief. PCRA Counsel has provided this Court with a copy of his letter to Appellant, which informed Appellant of his right to proceed *pro se* or with private counsel. Resp. to Order, 6/20/23. Appellant did not file a response either *pro se* or through private counsel.

In the *Turner*/*Finley* brief, PCRA Counsel identifies the following issues, which we reorder and rephrase as follows:

1. Was trial counsel ineffective for failing to file pre-trial motions?
2. Was trial counsel ineffective in advising Appellant to plead guilty?
3. Was trial counsel ineffective for failing to file post-sentence motions and/or a direct appeal?

*See Turner*/*Finley* Brief at 11-12, 16.

Before addressing the merits of the matters raised in PCRA Counsel's *Turner*/*Finley* brief, we must first consider whether PCRA Counsel met the technical requirements for withdrawing from representation. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). This Court has explained:

> [c]ounsel petitioning to withdraw from PCRA representation must proceed under [*Turner* and *Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted and formatting altered).

Here, PCRA Counsel filed his petition to withdraw indicating that he reviewed the record and determined that there were no meritorious issues to raise on appeal. Pet. to Withdraw, 6/9/22, at 2 (unpaginated). Further, PCRA Counsel filed a copy of the letter that he sent to Appellant, which indicates that he sent Appellant a copy of the *Turner*/*Finley* brief and advised Appellant that he may immediately proceed *pro se* or retain private counsel to raise any additional issues he believes should be brought to this Court's attention. *Turner*/*Finley* Brief at 9-10; *see also* Resp. to Order, 6/20/23. On this record, we conclude that PCRA Counsel has met the technical requirements of *Turner* and *Finley*, and we now proceed to address the issues PCRA Counsel identified in the *Turner*/*Finley* brief. *See Muzzy*, 141 A.3d at 510-11.

- 6 -

**Pre-trial Motions**

The first issues that PCRA Counsel identifies are Appellant's claim that trial counsel was ineffective for failing to file pre-trial motions, specifically a motion to suppress and a Rule 600 motion to dismiss. *Turner*/*Finley* Brief at 12-14. PCRA Counsel notes that Appellant abandoned this claim when he filed his counseled, amended PCRA petition. *Id.* at 12.

Before we address the merits of this claim, we must determine whether Appellant has preserved it for appeal. "[T]he applicability of waiver principles . . . is a question of law, over which our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Barbour*, 189 A.3d 944, 954 (Pa. 2018) (citations omitted).

When counsel files an amended PCRA petition, "the PCRA court is only permitted to address issues raised in a counseled petition." *Commonwealth v. Markowitz*, 32 A.3d 706, 713 n.5 (Pa. Super. 2011) (citation omitted); *see also Commonwealth v. Ortiz*, 3465 EDA 2018, 2020 WL 5908473, at *4 (Pa. Super. filed Oct. 6, 2020) (unpublished mem.) (concluding that issues which were included in the defendant's initial *pro se* PCRA petition but were omitted from his counseled amended PCRA petition were waived on appeal);[8] *accord Commonwealth v. Leaner*, 202 A.3d 749, 765 n.3 (Pa. Super. 2019) (holding that issues raised before the trial court but subsequently abandoned

---

[8] *See generally* Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

at a later hearing are waived on appeal). Appellant abandoned his claim that trial counsel was ineffective for failing to file pre-trial motions because he did not include it in either his first or second counseled amended PCRA petition; therefore, this issue is waived on appeal. **See Markowitz**, 32 A.3d at 713 n.5; **Ortiz**, at 2020 WL 5908473, at *4.

## Guilty Plea

The next issue that PCRA Counsel identifies is Appellant's claim that trial counsel was ineffective in advising Appellant to plead guilty. **Turner**/**Finley** Brief at 11-12, 14-16. Specifically, Appellant claims that trial counsel erroneously advised him that he was subject to a mandatory minimum sentence of two years' incarceration for the contraband conspiracy count. **Id.** at 15. PCRA Counsel further notes that the trial court imposed a sentence of eighteen months to four years' incarceration, which is in the mitigated range of the sentencing guidelines for that count. **Id.** (citing N.T. Sentencing, 11/5/19, at 7).

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant

to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

\* \* \*

[A] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019)

(citations omitted and formatting altered).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted and formatting altered).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's guilty plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973). Further, a "valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of

innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (citations omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); ***see also*** Pa.R.Crim.P. 590, cmt. Finally, it is well established that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Here, the PCRA court explained:

Well, it seems to me that on its face from what I could see and from what I have heard here, there's no basis for a PCRA. It just seems to me, [Appellant], that, number one, that two-year mandatory minimum is a red herring because, in fact, you were sentenced to the mitigated range, and if that were an error that would be *de minimis*, if not non-existent, because you were sentenced without regard to a mandatory minimum. And, frankly, I think that [it] was in the pre-sentence report that there was no mandatory minimum, so it was there before we got any further.

Second of all, [trial counsel], in fact, it might not be on the record check, but, in fact, he had requested SIP, boot camp and RRRI at the time of sentencing and that's up to the state whether that's applicable or not. And it appears from the record, although I'm not a hundred percent sure of it, I leave it up to the state because . . . if they want to take [Appellant] into those kinds of programs, I'm fine with it but if it's prohibited by statute, it is prohibited by statute.

- 10 -

N.T. PCRA Hr'g at 24.

The record also reflects that at the plea hearing, Appellant confirmed that he was aware of the maximum penalties for each offense, he understood that the trial court could impose his sentences consecutively, and that there was no agreement as to the length of his sentence. *See* N.T. Guilty Plea, 9/5/19, at 2-3; Written Guilty Plea Colloquy, 9/5/19, at 1, 3. Further, Appellant specifically acknowledged during the plea colloquy that there was no plea agreement, that the judge would determine the sentence, and that no promises had been made in exchange for his guilty plea. *See* N.T. Guilty Plea at 5; Written Guilty Plea Colloquy at 1-3. Neither the oral nor written plea colloquies indicated that the trial court would make Appellant eligible to participate in the boot camp and SIP programs as part of his sentence.

Additionally, the Commonwealth stated that Appellant would be subject to a two-year mandatory minimum sentence for the contraband conspiracy count. *See* N.T. Guilty Plea at 3; *see also* Written Guilty Plea Colloquy at 1. Appellant stated that he understood the applicable mandatory minimum sentence. *See* N.T. Guilty Plea at 4. The trial court did not impose any mandatory minimum sentences. *See* N.T. Sentencing at 7. Trial counsel later explained that the mandatory minimum sentence did not apply to Appellant because he had been charged with conspiracy instead of the substantive offense of furnishing contraband to a prison inmate. *See* N.T. PCRA Hr'g at 19.

At the PCRA hearing, both Appellant and trial counsel testified that Appellant suggested negotiating a plea agreement that would involve Appellant's contraband conspiracy charge and related charges against Appellant's mother. *See id.* at 5-6, 8, 15. Trial counsel explained that the terms of the agreement included that Appellant would plead guilty to contraband conspiracy and Appellant's mother would plead guilty to a misdemeanor and receive probation. *See id.* at 15. Appellant also testified that he was originally told that his plea agreement would not involve any mandatory minimum sentences. *See id.* at 8. Appellant did not state that if not for trial counsel's erroneous advice about a mandatory minimum sentence, Appellant would not have pled guilty and instead gone to trial.

Appellant is bound by the statements that he made during his plea colloquy. *See Pollard*, 832 A.2d at 523. Therefore, Appellant cannot now claim that his decision to plead guilty was based on trial counsel's assurances that Appellant would be eligible to participate in the boot camp and SIP programs. *See id.* Further, because Appellant did not state that but for trial counsel's advice regarding the inapplicable mandatory minimum sentence, he would have gone to trial instead of pleading guilty, Appellant has failed to establish prejudice. *See Barndt*, 74 A.3d at 192. On this record, we agree with the PCRA court that Appellant's guilty plea was knowing, voluntary, and intelligent. *See Reid*, 117 A.3d at 782. Therefore, Appellant's claim that trial counsel was ineffective with respect to Appellant's guilty plea is meritless and no relief is due. *See Barndt*, 74 A.3d at 192; *see also Sandusky*, 203 A.3d

at 1043-44. Accordingly, the PCRA court did not err in denying Appellant's PCRA petition.

### Post-Sentence Motion and Direct Appeal

The final issue that PCRA Counsel identifies is Appellant's claim that trial counsel was ineffective because he failed to file any post-sentence motions or a direct appeal. ***Turner***/***Finley*** Brief at 16-17.

Our Supreme Court has held that a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves that he was deprived of the right to file and litigate post-sentence motions as a result of counsel's ineffectiveness. ***See Commonwealth v. Liston***, 977 A.2d 1089, 1094 n.9 (Pa. 2009). However, "the failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief." ***Id.*** at 1092 (citation and footnote omitted). To establish prejudice, the defendant must show that if counsel had filed a post-sentence motion seeking reconsideration of sentence, it would have "secured a reduction in the sentence." ***Commonwealth v. Reaves***, 923 A.2d 1119, 1132 (Pa. 2007). Lastly, counsel will not be deemed ineffective for failing to file post-sentence motions where the defendant did not request that counsel file any motions. ***See Commonwealth v. Cook***, 547 A.2d 406, 408 (Pa. Super. 1988).

To establish that counsel was ineffective for failing to file a direct appeal, the defendant must prove that he requested an appeal, and that counsel

disregarded that request. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). When counsel fails to file a requested appeal, "counsel is *per se* ineffective as the defendant was left with the functional equivalent of no counsel." *Markowitz*, 32 A.3d at 715 (footnote omitted). "To establish *per se* ineffectiveness, a defendant must still prove that he asked counsel to file a direct appeal[,]" because counsel "is not required to file an appeal that is not requested." *Id.* at 715, 717 (citation omitted).

When a defendant did not explicitly instruct counsel to file a direct appeal, counsel may still be found ineffective if counsel failed to consult with the defendant about his appellate rights. *See id.* at 714, 716. However, counsel has a constitutionally imposed duty to consult with a defendant "if a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or . . . that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Where a [defendant] can prove either factor, he establishes that his claim has arguable merit." *Id.* at 716 (citation omitted and formatting altered). To establish prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa. Super. 2001) (citation omitted). Additionally, "where a petitioner can establish that but for counsel's erroneous advice, he would have filed a direct appeal, he is entitled to the reinstatement of his direct appeal rights." *Markowitz*, 32 A.3d at 717.

Here, the PCRA court explained:

[T]he fact that [trial counsel] didn't ask [sic] or file an appeal, there's no indication on the record here. Except [for Appellant's] comments asking for an appeal, [trial counsel] didn't know that [Appellant] wanted an appeal, and, frankly, it doesn't appear that, as stated on the record here today, there was any basis for an appeal.

N.T. PCRA Hr'g at 25.

We add that at the PCRA hearing, Appellant testified that three days after the sentencing hearing, he sent a letter to trial counsel asking him to file post-sentence motions. *Id.* at 12-13. However, trial counsel testified that after sentencing he did not discuss filing post-sentence motions nor a direct appeal with Appellant. *Id.* at 20. The PCRA court credited trial counsel's testimony that he did not receive any requests from Appellant to file post-sentence motions nor a direct appeal. *Id.* Trial counsel also explained that the only correspondence from Appellant that he received which expressed Appellant's dissatisfaction with his sentence was a copy of a letter that Appellant had sent to the trial court judge in March of 2022. *Id.* at 18.

On this record, we conclude that the PCRA court's conclusions are supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043. Here, the PCRA court credited trial counsel's testimony that he did not receive any messages from Appellant indicating that Appellant wanted trial counsel to file any post-sentence motions or a direct appeal during the appeal period. *See* N.T. PCRA Hr'g at 25. Because the PCRA court's credibility determinations are supported by the record, they are binding on this Court.

*See Sandusky*, 203 A.3d at 1043. On this record, Appellant has failed to establish that he requested that trial counsel file post-sentence motions or a direct appeal on Appellant's behalf and that trial counsel failed to do so. *See Markowitz*, 32 A.3d at 715; *Cook*, 547 A.2d at 408. Additionally, Appellant has not shown that a rational defendant would want to appeal in these circumstances or that Appellant reasonably demonstrated to trial counsel that he was interested in appealing his sentence. *See Markowitz*, 32 A.3d at 716. Therefore, there is no arguable merit to Appellant's claim that trial counsel was ineffective for failing to file post-sentence motions or a direct appeal.

For these reasons, we discern no error or abuse of discretion by the PCRA court in denying Appellant's petition. Additionally, our independent review of the record has not revealed any other issues of merit. *See Muzzy*, 141 A.3d at 510-11. Therefore, we affirm the PCRA court's order and grant PCRA Counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted. Jurisdiction relinquished. Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023