J-S43034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ADAM HECK | : | |
| | : | |
| Appellant | : | No. 651 MDA 2023 |

Appeal from the PCRA Order Entered March 13, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000277-2021

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED MARCH 28, 2024**

Appellant, Michael Adam Heck, appeals from the order of the Court of Common Pleas of Schuylkill County that denied his timely first petition filed under the Post Conviction Relief Act (PCRA).[1] After careful review, we affirm.

Appellant was arrested in December 2020 for having oral sex with a child under his supervision on multiple occasions in 2019 and 2020 and videotaping the sex acts and was subsequently charged with 15 counts of Involuntary Deviate Sexual Intercourse with a Child (IDSI) and Indecent Exposure and one count each of Unlawful Contact with a Minor, Photographing or Filming a Child Sexual Act, Indecent Assault-Person Under 13, Child

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

Pornography, Corruption of Minors-Sexual Acts, and Endangering the Welfare of a Child. Criminal Information; N.T. Guilty Plea at 7-11. On May 26, 2021, Appellant pled guilty to 10 of the IDSI counts, Unlawful Contact with a Minor, Photographing or Filming a Child Sexual Act, Indecent Assault-Person Under 13, Child Pornography, Corruption of Minors-Sexual Acts, and Endangering the Welfare of a Child, pursuant to a plea agreement under which he would receive an aggregate sentence of 40 to 80 years' imprisonment and the Commonwealth dismissed the other 5 IDSI charges and the 15 Indecent Exposure charges. N.T. Guilty Plea at 4-11; Memorandum of Plea Agreement.

On September 2, 2021, Appellant was sentenced in accordance with the plea agreement to an aggregate term of 40 to 80 years' imprisonment, consisting of consecutive sentences of 10 to 20 years' imprisonment for four of the IDSI counts and concurrent sentences of imprisonment of 10 to 20 years for the six other IDSI counts and Unlawful Contact with a Minor, 3 to 6 years for Photographing or Filming a Child Sexual Act, and 1 to 2 years each for Indecent Assault-Person Under 13, Child Pornography, Corruption of Minors-Sexual Acts, and Endangering the Welfare of a Child. N.T. Sentencing at 3-4; Sentencing Order. Appellant filed no post-sentence motion or direct appeal.

On August 10, 2022, Appellant filed the instant timely PCRA petition claiming ineffectiveness of trial counsel with respect to his guilty plea. The PCRA court appointed PCRA counsel for Appellant and on December 22, 2022,

held a hearing on the PCRA petition at which Appellant and his trial counsel testified. At this hearing, Appellant testified that his trial counsel only met with him on two brief occasions before his plea and that trial counsel was ineffective with respect to his plea because Appellant only committed three acts of IDSI and the child was not under his care and because counsel had failed to move to suppress his statement to police, which he contended that he made when high on methamphetamine. N.T. PCRA at 5-8, 12-13. Appellant also testified that on the day after he was sentenced, he sent trial counsel a letter requesting that she file a post-sentence motion to withdraw his plea, identified the handwritten letter that he claimed that he sent, and testified that trial counsel did not file any post-sentence motion. *Id.* at 8-12 & Exhibit 1.

Trial counsel testified that she met with Appellant four times before his plea and discussed the Commonwealth's plea offers and evidence with Appellant. N.T. PCRA at 23-26, 28, 30. Trial counsel testified that she was aware of Appellant's claim that he was on methamphetamine at the time of his statement to police and that she believed, based on the video of his statement, that a motion to suppress would be meritless. *Id.* at 26-28. She testified that she viewed the videos that Appellant made of the sex acts that the Commonwealth showed her in discovery, testified that those videos showed more than three IDSI assaults, and testified that after she viewed the videos, she discussed them with Appellant. *Id.* at 25-26, 28-29. Trial counsel

testified that she negotiated with the Commonwealth to try to obtain an offer of a lesser sentence, that she was only able to obtain an agreement for a 40-to-80 year sentence from the Commonwealth, and that she advised Appellant that his chances of success at trial were poor and that he could get a longer sentence than 40 to 80 years if he went to trial. *Id.* at 29-32. Trial counsel testified that she did not recall receiving the letter that Appellant claimed that he sent requesting that she file a post-sentence motion, that the letter would be in the case file if it had been received, and that there was no such letter in the file. *Id.* at 33.

On March 13, 2023, the PCRA court denied Appellant's PCRA petition, finding that trial counsel was credible and Appellant was not credible, that Appellant's guilty plea was voluntary and knowing, trial counsel was not ineffective, and that Appellant did not request that trial counsel file any post-sentence motion or appeal. PCRA Court Order, 3/13/23; PCRA Court Opinion at 4-9. Appellant has appealed the court's order denying his PCRA petition.[2]

_____

[2] Appellant's PCRA counsel filed the appeal on May 1, 2023, 47 days after the PCRA court's order. Rule 114 of the Pennsylvania Rules of Criminal Procedure, however, requires that the docket entries state the date of service of the order on each party's attorney and unrepresented parties. Pa.R.Crim.P. 114(B), (C). The docket entries in this case state only that the order was filed on March 13, 2023 and contains no notation that the order was served on Appellant's PCRA counsel, Appellant, or any other party or the date of such service. Docket Entries at 18 of 25. In **Commonwealth v. Midgley**, 289 A.3d 1111 (Pa. Super. 2023), this Court held that if the docket fails to contain the notation of service required by Rule 114, an appeal filed more than 30 days after the order is filed is timely because the time in which to take an
*(Footnote Continued Next Page)*

Appellant raises two issues in this Court: (1) whether the PCRA court erred in finding that trial counsel was not ineffective with respect to his decision to plead guilty and (2) whether it erred in rejecting his claim that trial counsel was ineffective for failing to file a post-sentence motion. Neither of these issues has merit.

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017); *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020). The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Mojica*, 242 A.3d at 956; *Orlando*, 156 A.3d at 1280.

Appellant's PCRA claims were all claims of ineffectiveness of trial counsel. To be entitled to relief on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim is of arguable

---

appeal never began to run. *Id.* at 1116-17. Because *Midgley* holds that the absence of the Rule 114 notation of service on the docket prevents the appeal period from running and there is no such notation of service on the docket here, this appeal is not barred as untimely.

merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019); *Commonwealth v. Johnson*, 179 A.3d 1153, 1158 (Pa. Super. 2018). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Mojica*, 242 A.3d at 955; *Johnson*, 179 A.3d at 1158.

Ineffective assistance of counsel with respect to a plea of guilty can be a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Velazquez*, 216 A.3d at 1149; *Orlando*, 156 A.3d at 1281; *Allen*, 833 A.2d at 802. To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and demonstrates that the defendant understands the nature of the charges to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charges, and the court's power to reject the terms of a plea agreement. *Commonwealth v. Jamison*, 284 A.3d 501, 506 (Pa. Super. 2022); *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018); *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and is supplemented by an oral, on-the-record examination.

*Jamison*, 284 A.3d 506; *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); *Morrison*, 878 A.2d at 108-09; Comment to Pa.R.Crim.P. 590.

The record here supports the PCRA court's finding that Appellant's guilty plea was voluntary and knowing. The transcript of the plea hearing shows that the trial court explained to Appellant the elements of each of the seven offenses to which he was pleading guilty and the factual basis for the plea and that Appellant admitted committing the acts on which the plea was based. N.T. Guilty Plea at 4-11. Appellant was advised of the maximum sentence for each count to which he was pleading guilty by both the trial court at the plea hearing and in a written plea colloquy that he signed. *Id.* at 7; Written Plea Colloquy at 2, 6 & Schedule A. In his signed written colloquy, Appellant was also advised of his right to a jury trial and the presumption of innocence, confirmed that he understood those rights and that he was giving them up in pleading guilty, and confirmed that he understood that the trial court was not required to accept the plea agreement. Written Plea Colloquy at 2-4. In addition, Appellant stated in court and in his written colloquy that he that he was not suffering from any condition that impaired his ability to understand the proceedings, that he was satisfied with trial counsel and had adequate opportunity to consult with her, and that he was pleading guilty of his own free will. N.T. Guilty Plea at 2-4; Written Plea Colloquy at 1, 4-5.

Contrary to Appellant's assertions, the transcript of the plea hearing does not show that Appellant was confused as to his plea. While Appellant

initially disputed the number of times that he committed IDSI and whether the child was under his supervision, the trial court inquired further and, following additional explanation and questions from the trial court and trial counsel, Appellant made clear that he understood what the plea was based on, admitted that he committed 10 acts of IDSI, and admitted that the child was under his supervion at the time of those crimes.  N.T. Guilty Plea at 7-11.  Appellant is bound by his statements during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea.  *Jamison*, 284 A.3d 506; *Jabbie*, 200 A.3d at 506; *Orlando*, 156 A.3d at 1281.  The PCRA court therefore properly rejected Appellant's claims that his plea was invalid because he was confused and did not commit all of the offenses to which he pled guilty.

Appellant's claim that counsel's advice and actions prior to his plea made it involuntary and unknowing is also without merit.  While Appellant testified at the PCRA hearing that trial counsel led him to believe that he could later freely challenge his plea, N.T. PCRA at 8, the PCRA court found Appellant's testimony incredible.  PCRA Court Opinion at 8.  That credibility finding is supported by the record, as Appellant acknowledged in his written plea colloquy that he understood that his ability to set his plea aside after sentencing was very limited and Appellant's testimony concerning this alleged advice was contradicted by trial counsel's testimony concerning her communications with Appellant, which the PCRA court found credible.  Written

Plea Colloquy at 4; N.T. PCRA at 23-32; PCRA Court Opinion at 8-9. Because it is supported by the record, the PCRA court's rejection of Appellant's claim concerning counsel's advice as incredible is binding on this Court. *Mojica*, 242 A.3d at 956; *Commonwealth v. Widgins*, 29 A.3d 816, 820 (Pa. Super. 2011).

Trial counsel's failure to file a motion to suppress his statement to police cannot constitute ineffectiveness that invalidates his plea for two reasons. First, Appellant did not show that such motion had arguable merit. The fact that a defendant has consumed intoxicating substances does not automatically invalidate a waiver of *Miranda*[3] rights or make a statement to the police involuntary. *Commonwealth v. Ventura*, 975 A.2d 1128, 1137 (Pa. Super. 2009); *Commonwealth v. Adams*, 561 A.2d 793, 795 (Pa. Super. 1989). Rather, the test is whether the defendant had sufficient mental capacity at the time of the statement to know what he was saying and to have voluntarily intended to say it, and if it is found that he had such capacity, the statement will not be suppressed. *Ventura*, 975 A.2d at 1137-39; *Adams*, 561 A.2d at 795-97. Trial counsel testified that she watched a video recording of his statement and that it showed that Appellant understood what he was doing and was capable of answering questions. N.T. PCRA at 27-28.

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Second, Appellant did not show that failure to file such a motion caused him prejudice. The record is clear that there was video evidence of all of Appellants' crimes and that the number of separate charges and strength of the Commonwealth's case was based on those videos. N.T. PCRA at 25-26, 28-29, 31; N.T. Guilty Plea at 9. The test for prejudice where counsel's ineffective representation involves a plea is whether there is a reasonable probability that, but for counsel's error, the defendant would not have entered the plea. *Velazquez*, 216 A.3d at 1150; *Johnson*, 179 A.3d at 1159; *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Appellant did not even contend at the hearing that, given video evidence of his sex crimes, the exclusion of his statement would have any effect on his decision to plead guilty under the Commonwealth's plea offer.

Appellant's second issue, the claim that counsel was ineffective for failure to file a post-sentence motion to withdraw his plea, likewise does not merit relief. The record shows that Appellant was advised of his rights to file a post-sentence motion and an appeal. N.T. Sentencing at 4. Failure to file a post-sentence motion does not constitute ineffective assistance of counsel unless the defendant communicated to counsel that he wished to file a post-sentence motion. *Commonwealth v. Cook*, 547 A.2d 406, 408 (Pa. Super. 1988); *see also Mojica*, 242 A.3d at 955 (failure to file a direct appeal is ineffective assistance of counsel only if defendant proves that he requested that counsel file an appeal).

Appellant failed to satisfy his burden of proving that he communicated to counsel that he wanted to file any post-sentence motion. While Appellant testified that he sent a letter to trial counsel requesting that she file a post-sentence motion to withdraw his plea, trial counsel denied that she received any such request. N.T. PCRA at 8-12, 33. The PCRA court found trial counsel's testimony credible and specifically rejected Appellant's testimony that he wrote and sent the purported letter in 2021 as not credible, noting the absence of any record of mailing of such a letter. PCRA Court Opinion at 6, 8. Because these credibility determinations are supported by the record, Appellant's claim that trial counsel was ineffective for not filing a post-sentence motion fails. *Mojica*, 242 A.3d at 956; *Widgins*, 29 A.3d at 820.

For the foregoing reasons, we conclude that none of Appellant's claims for PCRA relief had merit. We therefore affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/28/2024

- 11 -