547 A.2d 406

**COMMONWEALTH of Pennsylvania**

v.

**Johnnie B. COOK, a/k/a Eugene Thomas, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 1988.

Filed Sept. 9, 1988.

George T. Guarnieri, Philadelphia, for appellant.

Joan Weiner, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, McEWEN and BECK, JJ.

WIEAND, Judge:

Johnnie B. Cook a/k/a Eugene Thomas was tried without jury pursuant to an agreed statement of the evidence and

was found guilty of criminal trespass [1] and theft by unlawful taking.[2] He did not file post-trial motions. He was sentenced to serve a term of imprisonment for not less than two and one-half years nor more than five years for criminal trespass, and sentence was suspended on the conviction for theft by unlawful taking.[3] A written motion to modify the sentence was denied, and Cook filed a direct appeal from the judgment of sentence. When defense counsel failed to file a brief, however, the appeal was dismissed without prejudice to his right to proceed under the Post Conviction Hearing Act.[4] Upon the filing of a P.C.H.A. petition, the Commonwealth stipulated that an appeal should be allowed nunc pro tunc. The trial court entered an order allowing an appeal nunc pro tunc, and this appeal followed.

Our review, in view of appellant's prolix brief, will be limited to the issues which he has framed in his statement of questions involved. These are as follows: (1) the sufficiency of the evidence to sustain the conviction for criminal trespass; (2) the adequacy of the jury-waiver colloquy; (3) the alleged ineffectiveness of trial counsel; and (4) the alleged excessiveness of the sentence.

■■■ Because post-trial motions were not filed, the alleged insufficiency of the evidence to sustain the finding that appellant committed criminal trespass has been waived. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); Pa.R.Crim.P. 1123(c)(3). Appellant seems to believe that he can avoid the effect of his failure to file such post-trial motions by breathing the magic words that counsel was ineffective for failing to file the same. We have read his brief carefully and have been unable to find any suggestion that counsel was instructed to file post-trial motions and either refused or failed to follow appellant's

1. 18 Pa.C.S. § 3503(a)(1).
2. 18 Pa.C.S. § 3921.
3. The trial court sustained a demurrer to a separate charge of burglary.
4. 42 Pa.C.S. § 9541 et seq.

instructions. The trial court had specifically advised appellant of his right to file post-trial motions and the time within which they had to be filed, but neither the record nor appellant's brief in this Court suggests that appellant acted on that information. In the absence of a request to file post-trial motions, counsel will not be deemed ineffective for failing to file the same. Counsel is not required to file post-trial motions in all cases. Because appellant has failed to aver facts which, if true, would have rendered counsel ineffective for failing to file post-trial motions, and because he has failed to aver any other extraordinary circumstances that would prevent his failure to file post-trial motions from acting as a waiver of trial issues, the issue of the alleged insufficiency of the evidence will be deemed waived.

Appellant's argument, moreover, is lacking in merit. At trial, the parties stipulated that the assistant manager of Woodland Shoppers World, if called, would have testified that on June 19, 1984 she heard a noise in the stockroom. This room was open only to employees of the store and not to members of the public. The door to the room had been closed, and had been held in a closed position by an unlocked padlock. Thus, the door could be opened by lifting the padlock and removing it. When the assistant manager entered the stockroom, she saw appellant folding a bag. A security officer was summoned, and, upon examining appellant's bag, found clothing from both the store and the stockroom. The clothing had a value of $110.00. When appellant was arrested, he had on his person only $21.00.

The crime of criminal trespass is defined by 18 Pa.C.S. § 3503, which provides as follows:

(a) Buildings and occupied structures.—

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

(2) An offense under paragraph (1)(i) is a felony of the third degree, and an offense under paragraph (1)(ii) is a felony of the second degree.

(3) As used in this subsection:

"Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

Appellant was charged in separate counts of the same information with violating both subsections of 18 Pa.C.S. § 3503(a)(1).

██ After a careful review of the record, we conclude that the stipulated Commonwealth evidence was sufficient to show criminal trespass under 18 Pa.C.S. § 3503(a)(1)(i). Although the store was open to the public, the stockroom in which appellant was found was not. Moreover, there was nothing to suggest that appellant had believed he was authorized or privileged to enter the stockroom. The door to the room had been closed and secured by an unlocked padlock. Appellant lifted the padlock, entered the stockroom and closed the door behind him. When interrupted by the store's assistant manager, he had concealed items of clothing in a bag which he had been carrying on his person. This evidence was sufficient to show that appellant, knowing that he was not authorized or privileged to do so, had entered a separately secured portion of the building.

██ Appellant's argument that his agreement to be tried non-jury on the basis of stipulated evidence required a colloquy of the same type and including the same details as a guilty plea colloquy has also been waived by his failure to file post-trial motions. Because it is also without merit, it will not support a claim that trial counsel rendered ineffective assistance. Appellant waived a jury trial and agreed to be tried by the court sitting without a jury. This was preceded by an explanation of his right to trial by jury. His agreement to be tried without jury was also preceded by an explanation that his counsel intended to stipulate to the testimony of the Commonwealth's witnesses and that, therefore, appellant would not be able to confront and

cross-examine his accusers. Appellant said that he understood this and agreed to waive his constitutional rights to trial by jury and to confront the witnesses against him. This colloquy was adequate to show a voluntary and intelligent waiver of appellant's right to trial by jury, as well as the right to confront his accusers. At trial, he was given the opportunity to present a defense but declined to do so. Under these circumstances, a guilty plea colloquy was unnecessary. See: *Commonwealth v. Tate*, 487 Pa. 556, 410 A.2d 751 (1980). Appellant was fully advised of the rights which he was surrendering and nevertheless agreed to proceed by trial without jury.

■ Appellant also contends that his trial counsel was ineffective because he failed to move pre-trial to quash the information charging him with theft by unlawful taking.[5] The information should have been quashed, he argues, because he was required to be prosecuted under the section of the Crimes Code which more specifically defined his offense as retail theft. See: *Commonwealth v. Lawson*, 315 Pa.Super. 84, 461 A.2d 807 (1983) (retail theft is more specific statutory offense and, when elements thereof are present, prosecution thereunder must be pursued rather than prosecution under general statutory provisions).

■ This issue was also waived by appellant's failure to file post-trial motions. At trial, defense counsel demurred to the theft charge on the ground that appellant had been prosecuted under the wrong section of the Crimes Code. The trial court denied the demurrer and found appellant guilty of theft by unlawful taking. Thus, trial counsel had been aware of the issue and had raised it in the trial court. Further consideration thereof was waived, however, when appellant failed to file any post-trial motions.

■ Moreover, this issue is also without merit. Subsection (a)(1) of the retail theft statute[6] states that a person is guilty of retail theft if he

5. There is no merit in appellant's contention that trial counsel was ineffective because he failed to challenge appellant's "career criminal" trial assignment.

6. 18 Pa.C.S. § 3929(a)(1).

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof; ...

"Store or other retail mercantile establishment" is defined as "[a] place where merchandise is displayed, held, stored or sold or offered to the public for sale." The definition of "retail theft" is admittedly broad. The legislature, it would seem, set out to include all thefts of merchandise within the protection of the statute. Still, the statute is not without limits. If a thief breaks into a storekeeper's separate warehouse and removes merchandise therefrom, his crime would be theft by unlawful taking. His conduct in removing goods from a warehouse does not coincide with the general concept of retail theft or shoplifting, as it is sometimes known.

To be guilty of retail theft, one must take merchandise from a "store or other retail mercantile establishment." A store or retail mercantile establishment is a place where goods of any type are "displayed, held, stored or sold or offered to the public for sale." This definition speaks in terms of a place to which the public has been invited to inspect and buy the merchant's goods. When the statute refers to merchandise which is "stored," it refers to merchandise which has been stored in a place where the public is invited to see, inspect and buy goods which a merchant has offered for sale. In the construction of laws, the rule of ejusdem generis requires that where general words follow an enumeration of things having a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to things of the same general kind or class as those specifically mentioned. Black's Law Dictionary (5th ed. 1979). See also: *Commonwealth v. Ashford*, 263 Pa.Super. 100, 397 A.2d 420 (1979); *Commonwealth v. Simmons*, 211

Pa.Super. 344, 236 A.2d 563 (1967). So it is with retail theft. When the statute refers to merchandise which is stored, it refers to merchandise which is stored in that portion of the establishment into which the public has been invited, i.e., where the merchant has displayed and seeks to sell his wares to the public. It does not include untagged and unmarked merchandise which has been stored in a separate, non-public warehouse or enclosed stockroom and which is not being offered for sale to the public.

In the instant case, although appellant had taken at least one item of clothing from the store, most of the clothing found in his bag was unmarked, was not then being offered for sale to the public, and was stored in a separately enclosed stockroom. With respect to such clothing, appellant could be prosecuted for violating the general statutory proscription against theft by unlawful taking.

Finally, appellant contends, as he did in his motion to modify, that the sentence imposed by the trial court was excessive. Without expressing any opinion with respect to the alleged excessiveness of the sentence, we believe that the interests of justice require that the sentence imposed for criminal trespass be vacated and that this matter be remanded for resentencing.

The trial court's verdict, as announced and as recorded, was that appellant was guilty generally of criminal trespass. The court did not then state whether appellant's offense was a felony of the second degree or a felony of the third degree. As we have observed in this opinion, the evidence presented was sufficient to support a finding of criminal trespass under 18 Pa.C.S. § 3503(a)(1)(i). This is a felony in the third degree. However, at sentencing, the trial court announced that it intended to sentence appellant as though his crime had been a felony of the second degree.

To increase the degree of the crime to a felony of the second degree, it was necessary that the Commonwealth prove that appellant "broke into" the separately secured stockroom. This required evidence, according to the statute, that appellant had gained entry by "force, breaking,

intimidation, unauthorized opening of locks, or through an opening not designed for human access." The term "force" has been defined as "(a) power, violence, compulsion, or constraint exerted upon or against a thing ...; (b) strength or power of any degree that is exercised without justification or contrary to law upon a person or thing...." Webster's Third New International Dictionary (1965). For purposes of the present case, then, the issue is whether opening an unlocked door is sufficient force to increase a criminal trespass from a felony of the third degree to a felony of the second degree.

After careful consideration, we conclude that it was the intent of the legislature that a criminal trespass involving the entry of a building or separately secured portion thereof by opening an unlocked door was punishable as a felony of the third degree. That the legislature defined criminal trespass to include all unauthorized and unprivileged entries is clear. In some cases, however, the circumstances surrounding an entry were deemed sufficiently egregious to require a more severe punishment. These circumstances included the use of force or the "opening of a lock." If no force was exercised and no lock was picked, broken, or opened in order to achieve entrance, the more severe punishment was not deemed necessary. Entry into most buildings or separately secured portions thereof involves at least the opening of a door. Such entries are not generally considered to involve the use of force, violence, or compulsion. Similarly, they do not involve a "breaking into." They involve, rather, the normal means of entering a doorway intended for human access. If all unauthorized entries through an unlocked door were to be equated with "breaking into" a building or separate portion thereof, there would have been no need for the legislature to create a lesser crime for entries made without the use of force to break in.

Because appellant did not gain entrance to the stockroom by breaking into it, but merely entered through an unlocked door, his crime was a felony of the third degree. The evidence was clearly sufficient to sustain such a conviction.

However, the evidence does not support a finding of criminal trespass which was a felony of the second degree. So that it will be clear that appellant has been sentenced for the correct offense, therefore, a remand for resentencing is necessary.

The judgment of sentence for theft by unlawful taking is affirmed. The judgment of sentence for criminal trespass is vacated, and that matter is remanded for resentencing consistent with the foregoing opinion.

BECK, J., concurs in the result.