J-S68010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN CURL, | |
| Appellant | No. 3110 EDA 2014 |

Appeal from the Judgment of Sentence October 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010020-2013

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 10, 2015**

Justin Curl appeals from the judgment of sentence of time served to twenty-three months' incarceration followed by three years' probation, imposed October 22, 2014, following a jury trial resulting in his conviction for criminal trespass, simple assault, and recklessly endangering another person.[1]  We affirm.

We adopt the following statement of facts:

On June 18, 2013, at 10:30 AM, Miles Nutter ("Complainant") was at his home located at 1234 Robin Street in Northeast Philadelphia with his wife, Sarah Allen, and their two-year-old son.  There are two doorways to the house, which includes a door that leads from the basement and the front door.  The only entranceway to the house is the front door because the landlord bolted the basement door from the inside after the couple was

-------------------------------------------------

[1] Respectively, **see** 18 Pa.C.S. 3503(a)(ii), 2701(a), and 2705.

robbed. On the day in question, Complainant and Ms. Allen testified that the front door was shut, but were unsure if it was locked. However, Complainant testified that he usually locks his door because "everyone knows to lock your door when you come in the house." Ms. Allen also testified that the couple normally locks their door when they come home. They both testified that [C]omplainant is the only one with a key to the house.

Earlier in the day in question, Complain[ant], Ms. Allen, and their son returned from a clothing convention in Washington, D.C. As they prepared for bed, the couple got in an argument about their sex life. Ms. Allen then went downstairs to get their son milk [to drink] and encountered [Appellant]. She asked him why [he was] there and told him to leave. She testified that, although she knew [Appellant], she never invited him over that day nor gave him permission to enter onto the property.

Ms. Allen went back upstairs to distract her husband so [Appellant] could leave without incident. Five minutes later … Complainant went downstairs to lift weights and relieve tension. He opened the basement door, which was on the right side of the kitchen, and saw [Appellant] hiding behind the door. [Appellant] charged at … Complainant with what Complainant thought to be an object in [Appellant's] hand. Complainant immediately grabbed [Appellant's] forearm and wrist area. He testified that he was worried for his wife and child[] and wanted to get [Appellant] out of the house.

A tussle ensued from the kitchen to the living room, into the dining room, and back to the living room. They slammed into the banister and into a large fish tank. Ms. Allen testified that she came downstairs when she heard loud noises and started screaming when she saw the tussle. She then went upstairs to find her cell phone and called the cops.

[Appellant] and Complainant continued to tussle and slammed into the front door's glass window and landed outside. Complainant then testified that the glass [gouged] his arm and he was bleeding profusely. They continued to tussle outside and Complainant fell down four steps. [Appellant] got on top of … Complainant and started hitting him with his fist while … Complainant was on the ground. He testified that he could not defend himself because of his arm, so he curled up in a ball and was punched four or five times. Complainant's artery was cut

from the tussle, and he had to undergo surgery. As a result, he has a six-inch scar.

…

Sergeant [James] Hawe testified that he arrived on the scene after receiving a radio call about a person with a weapon and a fight at 1234 Robin Street. When he arrived, he saw … Complainant's body lying on the sidewalk bleeding profusely. He further testified that there was broken glass and a blood trail from the curb, up the steps, onto the second set of steps, and through the doorway and entranceway. Officer [Stephen] Long testified that he found [Appellant] with no shirt on and covered in blood. Although he saw a few cuts on [Appellant], he testified that the bleeding could not have been caused by those cuts.

Trial Court Opinion, 02/09/2015, at 1-4 (some punctuation modified; internal citations omitted).

In July 2014, following trial, a jury convicted Appellant of the crimes cited above. The trial court imposed an aggregate sentence of time served to twenty-three months' incarceration, to be followed by three years' probation. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant challenges the sufficiency of the evidence to convict him of criminal trespass graded as a felony of the second degree.[2] The crime of criminal trespass is defined in relevant part as follows:

---

[2] Appellant concedes the evidence may have been sufficient to convict him of defiant trespass, a misdemeanor crime. **See** Appellant's Brief at 12-13 (citing 18 Pa.C.S. § 3503(b)). Alternatively, Appellant suggests the evidence may have been sufficient to support his conviction of criminal trespass graded as a felony of the third degree. **Id.** at 13-14; **see also** 18
*(Footnote Continued Next Page)*

- 3 -

**(a) Buildings and occupied structures.--**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

(2) An offense under paragraph (1)(i) is a felony of the third degree, and an offense under paragraph (1)(ii) is a felony of the second degree.

(3) As used in this subsection:

"Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

18 Pa.C.S. § 3503(a).

Specifically, Appellant claims there was insufficient evidence that he gained entry to Complainant's home "by force, breaking, intimidation, unauthorized opening of locks or through an opening not designed for

*(Footnote Continued)* ⸺⸺⸺⸺

Pa.C.S. § 3503(a)(1)(i). Appellant failed to request a jury instruction on these lesser charges prior to or during trial. Accordingly, Appellant has waived any challenge to the grading of this offense. ***See Commonwealth v. Ryan***, 909 A.2d 839, 845 (Pa. Super. 2006).

human access." 18 Pa.C.S. § 3503(a)(3); *see* Appellant's Brief at 9.

Appellant's claim is without merit.[3]

We review a challenge to the sufficiency of the evidence in the following manner:

> In determining whether there was sufficient evidentiary support for a jury's finding [], the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

*Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).

Here, Appellant suggests there was no evidence that he broke into Complainant's house, because "[b]oth … [C]omplainant and Ms. Allen were

_____

[3] Appellant also argues that the evidence was insufficient to establish that Appellant knew he was not privileged to enter Complainant's house, because Ms. Allen had invited him into the house on another occasion. *See* Appellant's Brief at 12; *see also* 18 Pa.C.S. § 3503(a)(1) ("A person commits an offense if, *knowing* that he is not licensed or privileged to do so … .") (emphasis added). Appellant failed to preserve this issue. *See* Appellant's Rule 1925(b) Statement. Accordingly, we deem it waived. *See* *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). Absent waiver, we note that Appellant concedes Ms. Allen's testimony that she informed Appellant that "he did not have permission to be in the house on that day." Appellant's Brief at 10. Accordingly, his argument is without merit.

unsure if either of them had locked the front door." Appellant's Brief at 13. Further, Appellant notes there was no testimony or evidence of damage to the front door. *Id.* Thus, Appellant concludes, the evidence merely supports an inference that he entered though an unlocked front door, an act of lesser culpability. *Id.* at 14 (citing in support *Commonwealth v. Cook*, 547 A.2d 406 (Pa. Super. 1988)).

Appellant's reliance on *Cook* is not persuasive. In *Cook*, the defendant was discovered in the stockroom of a store carrying concealed items of clothing. *Cook*, 547 A.2d at 408. At a bench trial, the parties stipulated that the stock room was not open to members of the public and was secured by an unlocked padlock. *Id.* The trial court found defendant guilty of criminal trespass generally but sentenced him as if he had committed a felony of the second degree. *Id.* at 410. On appeal, this Court vacated Appellant's judgment of sentence for criminal trespass graded as a felony of the second degree, concluding that "[b]ecause [the] appellant did not gain entrance to the stockroom by breaking into it, but merely entered through an unlocked door, his crime was a felony of the third degree." *Id.* at 411.

Here, however, Complainant and his wife both testified that it was their habit of locking the door behind them when they entered their home. *See* Notes of Testimony (N.T.), 07/18/2014, at 41-43, 122-123. In the words of Complainant, "[e]veryone knows – I mean, you lock your door

when you come in the house[.]" N.T. at 43. Based upon this evidence and mindful of our standard of review, the jury could reasonably infer that (1) Complainant or his wife had locked their front door and (2) Appellant had gained entry by the "unauthorized opening" of this lock. 18 Pa.C.S. § 3503(a)(3); *see also Commonwealth v. Harris*, 852 A.2d 1168, 1178 (Pa. 2004) (noting that Pennsylvania Rule of Evidence 406 provides that evidence of habit is relevant and admissible to establish conduct in conformity therewith).[4] Accordingly, the evidence was sufficient to establish that Appellant was guilty of criminal trespass graded as a felony of the second degree.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2015

---

[4] Appellant did not object to the admission of this evidence.