J-S09016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE RAMON | : | |
| | : | |
| Appellant | : | No. 684 EDA 2023 |

Appeal from the PCRA Order Entered March 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001608-2017

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 7, 2024**

Appellant Jose Ramon appeals from the order denying his first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that his trial counsel was ineffective for failing to file a post-sentence motion to reconsider Appellant's sentence and for failing to preserve a challenge to the weight of the evidence.  We affirm.

The underlying facts of this matter are well known to the parties.  *See Commonwealth v. Ramon*, 1976 EDA 2018, 2019 WL 7372757, at *1-2 (Pa. Super. filed Dec. 31, 2019) (unpublished mem.).  Briefly, on December 15, 2016, Philadelphia police officers went to the 1900 block of East Wishart Street to investigate drug transactions.  During the surveillance, a police officer observed Appellant sitting in a parked white Ford Explorer.  The officer also

---

[1] 42 Pa.C.S. §§ 9541-9546.

witnessed another man, later identified as Nicholas Dagostino, speaking to Appellant through the driver's side window of the Explorer.

Dagostino then engaged in several transactions with other individuals. Each time, Dagostino gave the other individuals small green objects from a clear plastic bag in exchange for U.S. currency. Twice, Dagostino walked to Appellant's Explorer and gave Appellant cash. At one point, Appellant got out of the Explorer and walked into an alleyway. A few minutes later, Appellant walked out of the alleyway and handed Dagostino an object, which Dagostino concealed up his sleeve. The police arrested Appellant and recovered $378 in cash from Appellant's person. Another officer arrested Dagostino and recovered a plastic bag which held eighteen green containers filled with cocaine from the sleeve of Dagostino's sweatshirt and $40 in cash. The police searched the alleyway that Appellant had previously entered, and there the police found a black drawstring bag. The black drawstring bag held numerous small green containers and packets filled with cocaine as well as a loaded handgun.

On March 1, 2018, a jury convicted Appellant of possession of a controlled substance with intent to deliver (PWID), possession of a controlled substance, conspiracy to commit PWID, carrying a firearm without a license, and carrying a firearm on a public street, and the trial court convicted Appellant of persons not to possess firearms.[2]

_____

[2] 35 P.S. §§ 780-113(a)(30), (16), 18 Pa.C.S. §§ 903, 6106(a)(1), 6108, and 6105(a)(1), respectively.

On June 21, 2018, the trial court sentenced Appellant to an aggregate term of seven to fifteen years' incarceration. Specifically, the trial court imposed a sentence of five to ten years' incarceration for persons not to possess firearms and a consecutive term of two to five years' incarceration for PWID, with all other sentences to run concurrently.

Appellant did not file any post-sentence motions, but he filed a timely notice of appeal. On direct appeal, Appellant raised claims concerning the sufficiency and weight of the evidence. *See Ramon*, 2019 WL 7372757, at *3. A prior panel of this Court concluded that Appellant had waived his weight-of-the-evidence claim because he failed to raise it prior to sentencing or in a post-sentence motion. *See id.* at *3 n.5. This Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on April 20, 2021. *See id.* at *6, *appeal denied*, 252 A.3d 1073 (Pa. 2021).

On September 15, 2021, Appellant filed a timely *pro se* PCRA petition. The PCRA court subsequently appointed counsel, who filed an amended petition on Appellant's behalf. Therein, Appellant claimed that trial counsel was ineffective for failing to file a post-sentence motion seeking reconsideration of sentence and for failing to challenge the weight of the evidence. Am. PCRA Pet., 3/8/22, at 3.

On January 18, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant did

not file a response. On March 8, 2023, the PCRA court dismissed Appellant's PCRA petition.[3]

Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The PCRA court issued a Rule 1925(a) opinion concluding that the issues raised in Appellant's amended PCRA petition were meritless.

On appeal, Appellant raises three issues:

1. Whether the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing?

2. Whether trial counsel was ineffective for failing to file a post-sentence motion to reconsider sentence?

3. Whether trial counsel was ineffective for failing to file a post-verdict motion that the verdict was against the weight of the evidence?

Appellant's Brief at 7 (formatting altered).

**Sentencing Claim**

In his first issue, Appellant argues that trial counsel was ineffective for failing to file a post-sentence motion seeking reconsideration of Appellant's sentence. Appellant's Brief at 15-16. Appellant contends that at the time of sentencing, he had not been arrested in eighteen years, was gainfully employed, and was a good father to his five children. *Id.* at 15. Appellant claims that the trial court never indicated that it considered the mitigating

---

[3] The PCRA court orally dismissed Appellant's PCRA petition on March 8, 2023. *See* N.T., 3/8/23, at 4. The PCRA court's oral order was reduced to writing and filed on March 10, 2023. *See* PCRA Ct. Order, 3/10/23.

evidence that Appellant presented and the trial court failed to explain the reasons for imposing an excessive sentence. *Id.* at 16.

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

We presume that the defendant's counsel was effective. ***See***
***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa. Super. 2007). This Court has explained that

> to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success.

Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

**Sandusky**, 203 A.3d at 1043-44 (citations omitted and formatting altered);

**see also Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014) (reiterating that where a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)). Lastly, counsel will not be deemed ineffective for failing to file post-sentence motions where the defendant did not request that counsel file any motions. **See, e.g.**, **Commonwealth v. Cook**, 547 A.2d 406, 408 (Pa. Super. 1988) (explaining that "[i]n the absence of a request to file post-trial motions, counsel will not be deemed ineffective for failing to file the same").

It is well settled that

[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that

he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that that court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted).

We note that an appellate brief must substantially comply with the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2114-2119 (explaining the specific requirements for each section of an appellate brief).

Further, this Court has explained:

When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c).

Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b). This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (some citations omitted).

Here, the PCRA court[4] concluded that Appellant's claim was meritless because the trial court did not abuse its discretion in imposing its sentence.

_____

[4] We note that the PCRA court judge who ruled on Appellant's PCRA petition was not the same judge who presided at Appellant's jury trial and sentenced Appellant.

- 7 -

*See* PCRA Ct. Op., 6/14/23, at 6-8 (unpaginated).

In his brief, Appellant fails to discuss the reasonable basis and prejudice prongs of the ineffectiveness standard with respect to this claim. **See** Appellant's Brief at 15-16. Further, Appellant only offers bald assertions that the trial court's sentence was excessive and unreasonable in his discussion of the arguable merit of the underlying claim and fails to cite any relevant authority in support of that claim. **See id.** Therefore, because Appellant has failed to properly develop this claim for review, we conclude that this issue is waived. **See Fears**, 86 A.3d at 804 (holding that when a PCRA petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)); **see also Hardy**, 918 A.2d at 771 (stating that an appellant's "brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities" and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant" (citations omitted)). Accordingly, Appellant is not entitled to relief on this claim.[5]

---

[5] In any event, if Appellant had developed his claim of appellate counsel ineffectiveness, he would not be entitled to relief. Our review of the record indicates that Appellant did not plead in his amended PCRA petition that he requested that trial counsel file post-sentence motions on Appellant's behalf and that trial counsel failed to do so. **See Cook**, 547 A.2d at 408 (explaining that "[i]n the absence of a request to file post-trial motions, counsel will not be deemed ineffective for failing to file the same"). Therefore, we discern no abuse of discretion by the PCRA court is dismissing Appellant's sentencing
*(Footnote Continued Next Page)*

**Weight of the Evidence**

In his second issue, Appellant argues that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence. Appellant's Brief at 16-18. Appellant observes that a prior panel of this Court concluded that Appellant waived his weight-of-the-evidence claim on direct appeal because he did not preserve it in a post-sentence motion. *Id.* at 16. Appellant contends that his convictions for the drug and firearms offenses were against the weight of the evidence because there was no direct evidence establishing that Appellant possessed any drugs or the firearm. *Id.* at 16-17. Appellant also claims that the circumstantial evidence fell short of establishing that he constructively possessed the drugs and the firearm beyond a reasonable doubt. *Id.* at 18. Lastly, Appellant argues that his conspiracy conviction was against the weight of the evidence because there was no evidence establishing a conspiracy between Appellant and Dagostino to sell drugs or that Appellant committed an overt act in furtherance of such a conspiracy. *Id.* at 16-18. Therefore, Appellant concludes that the verdict shocks the conscience and that he is entitled to a new trial.

---

claim without an evidentiary hearing, albeit for different reasons. While our rationale differs from the PCRA court, we may affirm the PCRA court's ruling on any valid basis. *See, e.g.*, *Commonwealth v. Lehman*, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (stating that it "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself" (citations omitted)).

To satisfy the arguable merit prong of a claim that counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, the petitioner "must demonstrate that the verdict was against the weight of the evidence such that counsel may be deemed ineffective in failing to file the post-sentence motion." *Commonwealth v. Smith*, 181 A.3d 1168, 1186 (Pa. Super. 2018) (citation omitted). When there is no merit to the underlying weight-of-the-evidence claim, a PCRA petitioner is not entitled to relief on a claim that trial counsel was ineffective in failing to file a post-sentence motion to preserve the weight claim for appeal. *Id.* at 1187.

Our Supreme Court has explained:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. . . .

At trial, the jury [is] the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses. Issues of witness credibility include questions of inconsistent testimony and improper motive. A jury is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit.

*Commonwealth v. Jacoby*, 170 A.3d 1065, 1080-81 (Pa. 2017) (citations and quotation marks omitted).

Here, the PCRA court concluded that the verdict did not shock the conscience of the court. **See** PCRA Ct. Op. at 5-6 (unpaginated).[6]

In his brief, Appellant fails to discuss the reasonable basis and prejudice prongs of the ineffective assistance of counsel test for this claim. **See** Appellant's Brief at 16-18. Therefore, this claim is waived because Appellant did not adequately develop it. **See Fears**, 86 A.3d at 804; **see also Hardy**, 918 A.2d at 771. Further, as stated above, Appellant did not plead in his amended PCRA petition that he requested that trial counsel file post-sentence motions on Appellant's behalf and that trial counsel failed to do so. Therefore, even if Appellant had not waived this claim, he would not be entitled to relief. **See Cook**, 547 A.2d at 408.

For these reasons, we conclude that the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without a hearing. **See Maddrey**, 205 A.3d at 328 (explaining that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition" (citation omitted)); **Sandusky**, 203 A.3d at 1043. Accordingly, we affirm the PCRA court's order.

Order affirmed. Jurisdiction relinquished.

---

[6] As noted above, the PCRA court judge who ruled on Appellant's PCRA petition was not the same judge who presided at Appellant's jury trial.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/7/2024</u>