J-S21023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AYEOLA HAYWARD | : | |
| | : | |
| Appellant | : | No. 1702 EDA 2023 |

Appeal from the PCRA Order Entered June 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002394-2018

BEFORE: LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 5, 2024**

Appellant Ayeola Hayward appeals from the order dismissing her timely first Post Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant argues that her trial counsel was ineffective. We affirm.

A prior panel of this Court summarized the relevant facts and procedural history of this matter as follows:

> At trial, the complainant testified he was eleven years old. He further testified that [Appellant] lived in the complainant's home for a time and then moved to the complainant's grandmother's home where they would see each other when the complainant spent days there during the summer.
>
> He stated he was six or seven years old the first time [Appellant] victimized him. He was downstairs at his grandmother's house and [Appellant] called for him to come upstairs and he saw her in the bathroom, where she showed him her chest and asked him to comment on her nakedness. This behavior repeated many times, making the complainant uncomfortable. He recalled a specific

---

[1] 42 Pa.C.S. §§ 9541-9546.

incident in the bathroom where [Appellant] made him put his penis in her mouth.

The complainant testified to other incidents as well. Some time after the incidents in the bathroom, [Appellant] called the complainant from downstairs to come upstairs into his aunt's bedroom. When the complainant entered the room, [Appellant] was laying down on the bed and pulled her pants down and told him to have sexual intercourse with her. This same situation happened multiple times when the complainant was between the ages of six and seven. Each time [Appellant] asked him to choose whether to insert his penis into her anus or vagina. Eventually, the complainant stopped going to his grandmother's house as frequently[,] and the abuse stopped.

One day, years later, the complainant was watching the news with his mother and heard a story of sexual abuse. His mother asked him if he was ever abused and he became emotional and told her about [Appellant's] attacks. He later attempted to tell people about the abuse at his grandmother's house but [Appellant] heard and stopped him, calling the accusations a lie and pushing him to the ground. Despite the complainant's disclosure, his mother chose not to report the abuse to the police. Later, the complainant was being evaluated by a doctor for his yearly physical when the doctor noticed he had an emotional response to the evaluation and asked the complainant if anything was wrong, to which the complainant responded by again disclosing the abuse, which the doctor reported.

*Commonwealth v. Hayward*, 1048 EDA 2020, 2022 WL 334389, at *1 (Pa. Super. filed Feb. 4, 2022) (unpublished mem.) (citations omitted).

Following a jury trial, Appellant was found guilty of unlawful contact with a minor, indecent assault of a child less than thirteen, rape of a child, and involuntary deviate sexual intercourse (IDSI) with a child.[2] **See** N.T. Trial, 11/8/19, at 4-6. On March 6, 2020, the trial court sentenced Appellant to an aggregate term of fifteen to thirty years of incarceration and ordered Appellant

_____

[2] 18 Pa.C.S. §§ 6318(a)(1), 3126(a)(7), 3121(c), and 3123(b), respectively.

to register with the State Police in compliance with Tier III sex offender registration and reporting requirements. **See** Sentencing Order, 3/6/20.[3] A prior panel affirmed Appellant's judgment of sentence on direct appeal.[4] **See Hayward**, 2022 WL 334389, at *4. Appellant did not file a petition for an allowance of appeal with our Supreme Court.

Appellant filed a timely *pro se* PCRA petition on May 26, 2022. The PCRA court appointed PCRA counsel, who filed an amended PCRA petition on Appellant's behalf. After issuing a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing, the trial court ultimately dismissed Appellant's petition on June 16, 2023. This timely appeal followed. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Whether [trial] counsel was ineffective for failing to file a weight of the evidence motion.

---

[3] On this record it appears that the trial court did not order an assessment from the Sex Offenders Assessment Board (SOAB) to determine whether Appellant met the legal criteria to be designated a sexually violent predator (SVP) in this case.

[4] Further, although this Court affirmed Appellant's convictions, the panel amended Appellant's sentences for unlawful contact with a minor and indecent assault of a child less than thirteen, as they exceeded the statutory maximum. **See Hayward**, 2022 WL 334389, at *3-4. The panel corrected Appellant's sentences and noted that because Appellant's sentences were run concurrently to the legal sentence of fifteen to thirty years of incarceration for rape of a child, the correction did not alter the trial court's sentencing scheme, and Appellant's aggregate sentence remained fifteen to thirty years of incarceration. **See id.** at *4.

> 2. Whether [trial] counsel was ineffective for failing to call witnesses.

Appellant's Brief at 7 (formatting altered).

> In reviewing the denial of a PCRA petition, our standard of review

> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

> \* \* \*

> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered); *see also Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (reiterating that where a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, the petitioner

is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)).

Counsel will not be deemed ineffective for failing to file post-sentence motions where the defendant did not request that counsel file a post-sentence motion. *See, e.g.*, *Commonwealth v. Cook*, 547 A.2d 406, 408 (Pa. Super. 1988) (explaining that "[i]n the absence of a request to file post-trial motions, counsel will not be deemed ineffective for failing to file the same"). Moreover, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) (citation omitted).

Further, we note that

[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted). Finally, this Court has explained:

When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (some citations omitted).

### Failure to Challenge Weight of the Evidence

Appellant first argues that the evidence at trial was conflicting and unreliable, and that trial counsel was ineffective for failing to file a post-sentence motion preserving a challenge to the weight of the evidence. *See* Appellant's Brief at 16-18.

To satisfy the arguable merit prong of a claim that counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, the petitioner "must demonstrate that the verdict was against the weight of the evidence such that counsel may be deemed ineffective in failing to file the post-sentence motion." *Commonwealth v. Smith*, 181 A.3d 1168, 1186 (Pa. Super. 2018) (citation omitted). If there is no merit to the underlying weight-of-the-evidence claim, a PCRA petitioner is not entitled to relief. *Id.* at 1187. Further, a petitioner establishes prejudice when she demonstrates that there is a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. *See id.* at 1182.

Our Supreme Court has explained:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail....

At trial, the jury [is] the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses. Issues of witness credibility include questions of inconsistent testimony and improper motive. A jury is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner that it sees fit.

***Commonwealth v. Jacoby***, 170 A.3d 1065, 1080 (Pa. 2017) (citations and quotation marks omitted).

Here, Appellant failed to discuss the reasonable basis and prejudice prongs of the test for ineffective assistance of counsel in her brief.[5] ***See*** Appellant's Brief at 16-18; ***see also Sandusky***, 203 A.3d at 1043 (stating the three prongs of the test for ineffective assistance of counsel). Therefore, because Appellant did not adequately develop this claim, we conclude that it is waived. ***See Fears***, 86 A.3d at 804; ***see also Hardy***, 918 A.2d at 771. Further, Appellant did not indicate in her PCRA petition that she requested

_____

[5] Appellant notes that in this Court's disposition of her direct appeal, the panel noted that Appellant's challenges to the consistency and credibility of the testimony were not proper challenges to the sufficiency of the evidence and would be better suited to a challenge to the weight of the evidence. ***See*** Appellant's Brief at 18; ***Hayward***, 2022 WL 334389 at *3. However, although the panel noted that Appellant failed to raise a weight claim on direct appeal, the panel offered no comment on the merits of such a claim or whether the claim would have been successful.

that trial counsel file post-sentence motions and that trial counsel failed to do so. Accordingly, even if Appellant had not waived this claim, she would not be entitled to relief. **See Cook**, 547 A.2d at 408.

## Failure to Call Witnesses

Appellant also contends that trial counsel was ineffective for failing to call four witnesses who would have provided testimony that was favorable to Appellant's defense. **See** Appellant's Brief at 18-19. Specifically, Appellant identifies Adam Cepero, Hermino Castro, Ayeola Figueroa, and Helen Figueroa. **See id.** at 19-21.

The Commonwealth responds that none of Appellant's proposed witnesses' testimony would have resulted in a different outcome at trial. Commonwealth's Brief at 13. Accordingly, the Commonwealth argues that Appellant's claim does not warrant relief. **See id.** at 14-18.

In order to satisfy the prejudice prong of the test for ineffective assistance of counsel[6] for failing to call a potential witness at trial, our Supreme Court has instructed that the PCRA petitioner must establish that

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

---

[6] **See Sandusky**, 203 A.3d at 1043 (enumerating the three-pronged test for ineffective assistance of counsel).

- 8 -

*Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa. Super. 2014) (citations omitted). "Prejudice in this respect requires the petitioner to show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Therefore, the petitioner's burden is to show that testimony provided by the uncalled witnesses would have been helpful to the defense." *Commonwealth v. Williams*, 141 A.3d 440, 460 (Pa. 2016) (citation and quotation marks omitted).

However, to be eligible for relief under the PCRA, "the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

In *Commonwealth v. Brown*, 196 A.3d 130 (Pa. 2018), our Supreme Court explained that

> an on-the-record colloquy is a useful procedural tool whenever the waiver of any significant right is at issue, constitutional or otherwise, *e.g.*, waiver of a trial, waiver of the right to counsel, **waiver of the right to call witnesses**, waiver of the right to cross-examine witnesses, waiver of rules-based speedy trial time limits, etc.

*Brown*, 196 A.3d at 174 (quoting *Commonwealth v. Mallory*, 941 A.2d 686, 697 (Pa. 2008) (emphasis added)).

> Similarly, in *Commonwealth v. Paddy*, 800 A.2d 294 (Pa. 2002), we recognized that "a defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not

later be heard to complain that trial counsel was ineffective on the basis of that decision. *Id.* at 316. To do otherwise, the Court held, "would allow a defendant to build into his case a ready-made ineffectiveness claim to be raised in the event of an adverse verdict." *Id.* at 316. In *Paddy*, the defendant complained of trial counsel's ineffectiveness for failing to call alibi witnesses, in response to which we held that "this ineffectiveness claim fails for the fundamental reason that [the appellant] agreed at trial to counsel's decision not to call the witnesses in question." *Id.* at 315[.]

As the record reflects, Brown participated in a colloquy at which he was advised of all of the witnesses his trial counsel intended to call in his defense, and he expressly acknowledged that after consulting with trial counsel, there were no other witnesses he wanted to testify on his behalf. As Brown voluntarily agreed that he did not want to call any other witnesses, he cannot now complain about trial counsel's failure to call [a witness] to testify.

*Brown*, 196 A.3d at 174 (some formatting altered). *See also Commonwealth v. Braswell*, 2023 WL 4882449, at *7 (Pa. Super. 2023) (concluding that the appellant waived his claim that trial counsel was ineffective for failing to investigate and call additional witnesses where the record revealed that the appellant participated in a colloquy during trial, confirmed that there were no other witnesses he wanted counsel to call, and stated that he was satisfied with the defense presented).

Here, the PCRA court addressed Appellant's claim as follows:

Upon the conclusion of the Commonwealth's evidence, the [c]ourt conducted two (2) lengthy colloquies with [Appellant] concerning her right to testify on her own behalf; whether there were any witnesses that she wanted trial counsel to produce in her defense; and whether she was satisfied with trial counsel. Trial counsel represented to the [c]ourt, that there would be two (2) witnesses he intended to call in Appellant's case: Ayeola Figueroa ([Appellant's] daughter) and Kiann[i] Cepero. However, Appellant also stated that she wanted trial counsel to call Adam Cepero.

- 10 -

Upon further inquiry by the [c]ourt, trial counsel stated that a subpoena to attend the trial was properly served on Mr. Cepero, however, he did not appear. When asked if there were any other witnesses, she wanted counsel to produce[], Appellant said there were not. [Appellant] further stated that she was satisfied with [trial] counsel's representation. The trial was adjourned on that day. (N.T. 11/6/14 pgs.17[5]-179)[.]

The following day, upon further inquiry by the [c]ourt regarding expected defense witnesses, trial counsel stated that he still hoped that Adam Cepero and Kianni Cepero would appear, however despite having served subpoenas on both of them, and leaving a telephone message for Adam Cepero (at the phone number given to [trial counsel] by [Appellant]), neither was present to testify. Trial counsel also named two (2) character witnesses he intended to call, but that only one, Ayeola Figueroa was present.

The Commonwealth then advised Appellant that if [Ayeola] Figueroa were to give character testimony, the Commonwealth would present the rebuttal testimony of another child who was allegedly sexually abused by Appellant. Upon considering the Commonwealth's proffer, [trial] counsel conferred with . . . Appellant and advised the court that they no longer wished to call Ayeola Figueroa.

Again, the [c]ourt engaged in a lengthy colloquy with . . . Appellant concerning the decision not to call [Ayeola] Figueroa. Appellant then indicated that she might change her mind and decide that she wanted to testify. The [c]ourt instructed that she discuss this decision privately with [trial] counsel. After doing so, Appellant told the Court that she would not testify. She agreed again that no one promised her anything or forced her into making these decisions. (N.T. 11/7/19 pgs. 4-12).

*   *   *

[The trial c]ourt took every measure to ensure that Appellant participated in her defense and that the decisions she made with her counsel were made knowingly, willingly and intentionally. Appellant assented to counsel's decisions regarding her witnesses, and stated that . . . there were no other witnesses that could be called to testify. Two witnesses, including Adam Cepero, were subpoenaed and failed to show at trial. [Appellant] agreed with

- 11 -

[trial] counsel's decision not to call [Appellant's] daughter, Ayeola Figueroa. With regard to Hermino Castro Jr. ([Appellant's] brother) and Helen Figueroa ([Appellant's] grandmother), it was Appellant's obligation to advise counsel and the [trial c]ourt, when asked, that she wanted those individuals to testify. Failure to do so, given ample opportunity, resulted in the Appellant's waiver of this issue.

PCRA Ct. Op., 8/21/23, at 8-10.

We discern no error of law or abuse of discretion in the PCRA court's conclusion. *See Sandusky*, 203 A.3d 1043. Here, the record supports the PCRA court's conclusion that the trial court conducted thorough colloquies regarding whether Appellant wanted to call any additional witnesses, and Appellant confirmed on the record that she did not. *See* N.T. Trial, 11/6/19, at 175-179; N.T., Trial, 11/7/19, at 4-12. The record reflects that Appellant participated in her defense at trial, conferred with trial counsel concerning which witnesses would and would not be called to testify, and Appellant had ample opportunity to address this issue before the trial court. *See* N.T. Trial, 11/6/19, at 175-179; N.T., Trial, 11/7/19, at 4-12. Accordingly, we agree with the PCRA court's conclusion that the issue is waived, and Appellant is not entitled to relief.[7] *See Brown*, 196 A.3d at 174; PCRA Ct. Op., 8/21/23, at 10.

_____

[7] In any event, were we to reach the merits of Appellant's claim that trial counsel was ineffective for failing to call these four witnesses, we would conclude that Appellant is not entitled to relief. As the PCRA court noted, despite a subpoena and trial counsel's attempts to contact him by phone, Adam Cepero failed to appear to testify at Appellant's trial. *See* PCRA Ct. Op., 8/21/23, at 10-11. Accordingly, Adam Cepero was not available as a witness
*(Footnote Continued Next Page)*

For these reasons, we conclude that the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without a hearing. *See* *Maddrey*, 205 A.3d at 328 (explaining that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition" (citation omitted)); *Sandusky*, 203 A.3d at 1043. Accordingly, we affirm the PCRA court's order.

Order affirmed. Jurisdiction relinquished.

_____

for Appellant, and trial counsel cannot be deemed ineffective for failing to call a witness who is unwilling and unavailable to testify at trial. *See Wantz*, 84 A.3d at 331. Further, had Ayeola Figueroa testified concerning Appellant's character and reputation for being good with taking care of children, the Commonwealth was prepared to rebut that testimony with evidence that Appellant had sexually abused other children. *See* N.T., Trial, 11/7/19, at 4-12; *see also* PCRA Ct. Op., 8/21/23, at 11. Under these circumstances, we conclude that Appellant has failed to establish that the decision not to call Ayeola Figueroa was not a reasonable trial strategy and further find that Appellant failed to establish prejudice as we cannot conclude that Ayeola Figueroa's testimony would have resulted in a different outcome at trial. *See Sandusky*, 203 A.3d 1043. Similarly, although Hermino Castro asserted that he would have testified that the atmosphere in Appellant's home was welcoming, Appellant has not established that there was a reasonable probability that Hermino Castro's testimony would have resulted in a different outcome at trial. *See id.* Finally, there was Helen Figueroa's proposed testimony that the complainant's father allegedly forced the complainant to lie about being assaulted by Appellant and that the complainant was in therapy because he was a troubled child. As the PCRA court noted, it is likely that such testimony would have been inadmissible hearsay or ruled to be unduly prejudicial. *See* PCRA Ct. Op., 8/21/23, at 12. However, even if such testimony would have been admissible, we cannot conclude that Appellant suffered prejudice because Appellant has failed to establish that there was a reasonable probability Helen Fugueroa's testimony would have resulted in a different outcome at trial. *See id.*; *see also Sandusky*, 203 A.3d at 1043.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/05/2024